## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAPNA MISHRA,<br>1609 Black Bear Street,<br>Roseville, CA 95747,<br><br>and<br><br>ROHITH K. SHIVASWAMY,<br>1609 Black Bear Street,<br>Roseville, CA 95747,<br><br>Plaintiffs,<br><br>v.<br><br>JEH CHARLES JOHNSON, Secretary,<br>U.S. Department of Homeland Security,<br>in his official capacity as well as his<br>successors and assigns,<br>245 Murray Lane, S.W.,<br>Building 410,<br>Washington, D.C.  20528,<br><br>and<br><br>ERIC HOLDER, Attorney General of the<br>United States, in his official capacity<br>as well as his successors and assigns,<br>U.S. Department of Justice,<br>950 Pennsylvania Avenue, N.W.,<br>Washington, D.C. 20530-0001,<br><br>and<br><br>LEON RODRIGUEZ,  Director, U.S.<br>Department of Homeland Security, U.S.<br>Citizenship and Immigration Services,<br>in his official capacity, as well as his<br>successors and assigns,<br>20 Massachusetts Avenue, N.W.,<br>Washington, D.C. 20529,<br><br>and<br><br>DONALD NEUFELD, Associate<br>Director, Service Center Operations<br>Directorate, U.S. Department of<br>Homeland Security, U.S. Citizenship<br>and Immigration Services, in his | COMPLAINT FOR DECLARATORY AND<br>INJUNCTIVE RELIEF AND REVIEW OF<br>AGENCY ACTION UNDER THE<br>ADMINISTRATIVE PROCEDURES ACT<br><br>CIVIL ACTION NO._____<br><br>ALIEN NO.: A088852155, A088852156<br><br>AGENCY CASE NUMBER:<br>WAC1403150197 (I-129) |

1

**official capacity, as well as his** )
**successors and assigns,** )
**20 Massachusetts Avenue, N.W.,** )
**Washington, D.C. 20529,** )
)
    **and** )
)
**KATHY BARAN, Center Director,** )
**California Service Center, U.S.** )
**Department of Homeland Security, U.S.** )
**Citizenship and Immigration Services,** )
**in her official capacity, as well as her** )
**successors and assigns, 24000 Avila** )
**Road, 2nd Floor, Room 2312, Laguna** )
**Niguel, CA  92677,** )
)
)
    **Defendants.** )
)

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURES ACT

Plaintiffs, Sapna Mishra ("Plaintiff-wife"), and Rohith Shivaswamy ("Plaintiff-husband"), through undersigned counsel, allege as follows.


    **I.   INTRODUCTION**

   1.   Plaintiff-wife applied for an H-1B Visa at the United States Consulate in New Delhi, India. Her application for an H1B visa was denied because of a determination of inadmissibility, pursuant to 8 U.S.C. §1182(a)(6)(C)(i), entered into the relevant U.S. government databases by a USCIS office in the United States (the "Fraud Finding"). This determination of inadmissibility will prevent her from being issued any type of visa to enter the United States.

   2.   This civil action seeks judicial review and challenges Defendants' action in unlawfully making a determination of inadmissibility against Plaintiff-wife pursuant to 8 U.S.C.

§1182(a)(6)(C)(i) without following the required administrative procedures and Defendants' subsequent refusal to withdraw or remove this improper finding of inadmissibility against her from the relevant U.S. government databases.

3.      The Administrative Procedure Act ("APA") requires that administrative agencies not adjudicate matters presented to them in an "arbitrary" or "capricious" manner "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," "without observance of procedure required by law," or where "unsupported by substantial evidence." 5 U.S.C. §706(2).

4.      This action seeks injunctive and declaratory relief to compel the Department of Homeland Security ("DHS") to withdraw or remove the finding of inadmissibility pursuant to 8 U.S.C. §1182(a)(6)(C)(i) made against Plaintiff-wife. The APA provides that a person adversely affected by agency action is entitled to judicial review. *See* 5 U.S.C. §702. A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

5.      Plaintiffs have made inquiries with the Department of State ("DOS"), the Department of Homeland Security ("DHS") and U.S. Citizenship and Immigration Services ("USCIS") regarding Defendant USCIS' action in entering the 8 U.S.C. §1182(a)(6)(C)(i) finding of inadmissibility, without success. Plaintiffs note multiple agency errors and failures to follow proper law and procedure, which are the basis of this action.

6.      As a result, Plaintiff-wife suffers the hardships of unreasonably and unlawfully being deprived of admission to the United States, as detailed further herein. Plaintiff-husband is deprived of the company and support of his wife, until such time as she is issued a visa to enter the United States.

13.     The Service's finding of inadmissibility pursuant to 8 U.S.C. §1182(a)(6)(C)(i) was arbitrary and capricious. The Defendants failed to observe established agency procedure, regulations and binding precedent decisions, in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

14.     Plaintiffs seek an order from this Honorable Court directing Defendants to complete all necessary steps to withdraw the 8 U.S.C. §1182(a)(6)(C)(i) inadmissibility finding within thirty (30) days from an Order of this Court.

11.     Plaintiffs are entitled to attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq.*

## II.     JURISDICTION

12.     This Honorable Court has subject matter jurisdiction over the claims alleged in this action under: (1) 28 U.S.C. §1331 (federal question jurisdiction), because Plaintiffs' claims arise under the laws of the United States, including 5 U.S.C. §§555 and 701, *et seq.* (APA), 8 U.S.C. §1101 *et seq.* (Immigration and Nationality Act) ("INA") (including 8 U.S.C. §§1182, 1184, 1201, 1202 and1204); and (2) 28 U.S.C. §1361 (Mandamus Act).  This court may grant relief in this action under 5 U.S.C. §§553, *et seq.* and §§701 *et seq.* (APA); 28 U.S.C. §§1361, *et seq.* (Mandamus Act), 28 U.S.C. §§651, *et seq.* (All Writs Act), and 28 U.S.C. §§2201, *et seq.* (Declaratory Judgment Act).

13.     This Honorable Court is not deprived of jurisdiction by 8 U.S.C. §1252, INA §242. *See*, *e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (finding that INA §242 does not bar a claim challenging agency authority that does not implicate discretion).  Generally, a narrower construction of a jurisdiction-stripping provision is favored over the broader one, as reflected by the "familiar principle of statutory construction: the presumption favoring judicial review of administrative action." *Kucana v. Holder*, 130 U.S. 827, 839 (2010).  Absent "clear and convincing evidence" of congressional intent specifically to eliminate review of certain administrative actions, the above-cited principles of statutory construction support a narrow reading of the jurisdiction-stripping language of 8 U.S.C. §1252(a)(2)(B)(ii).  *Id.*, at 839.  *See also, Geneme v. Holder*, 935 F.Supp.2d 184, 192 (D.D.C. 2013) (discussing *Kucana*'s citation to

presumption favoring judicial review of administrative action when statute does not specify discretion).

14.     8 U.S.C. §1252(a)(5), INA §242(a)(5), provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]"  As the present action is not an action to review a removal order but an action challenging a decision by the Defendants to enter and not withdraw or remove a finding of inadmissibility pursuant to 8 U.S.C. §1182(a)(6)(C)(i), which finding was arbitrary, capricious, and contrary to law and settled agency practice, this Honorable Court retains original jurisdiction under the APA and 28 U.S.C. §1331, as well as for declaratory relief under 28 U.S.C. §2201.

15.     The statutory provision authorizing USCIS to make findings of inadmissibility nowhere specifies that the agency's decision is "in the discretion" of the Secretary of DHS or the Attorney General.  The authority to enter a finding pursuant to 8 U.S.C. §1182(a)(6)(C)(i) is not specified by statute to be discretionary.


### III.     VENUE

16.     Venue is properly with this Court, pursuant to 28 U.S.C. §1391(e)(1), because:

   a. Defendant Secretary Jeh Johnson is an officer of DHS and is responsible for the operation of DHS and the sub-agency USCIS, which are both headquartered in the District of Columbia.  Defendant Johnson performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

   b. Defendant Attorney General Eric Holder is an officer of the Department of Justice ("DOJ"), which is headquartered in the District of Columbia. Defendant Holder performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

c.  Defendant Leon Rodriguez is an officer of DHS and the Director of USCIS, which is headquartered in the District of Columbia. Defendant Rodriguez performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

d.  Defendant Donald Neufeld is an officer of DHS and Associate Director, Service Center Operations Directorate of USCIS, which is headquartered in the District of Columbia. Defendant Neufeld performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

e.  Defendant Kathy Baran is an officer of DHS and USCIS. Defendant Baran is the Director of the California Service Center. Defendant Baran is responsible for the finding of inadmissibility pursuant to INA §212(6)(C)(i), subject to the discretion of Defendant Neufeld, who resides in the District of Columbia;

f.  A substantial part of the events or omissions giving rise to Plaintiffs' Complaint occurred within the offices of the DHS and USCIS, which are all headquartered in the District of Columbia; and

g.  Judicial economy and the interests of justice warrant that Plaintiffs' action be brought and decided in the District of Columbia, because the above-listed Defendant U.S. officials perform a significant amount of their official duties, and their agencies are all located, within the jurisdiction of this Honorable Court, or are subject to the direction of their Agency Director who is similarly located within the District of Columbia.

17.  Due to the decentralized nature of USCIS case processing, which allows for the transfer of nonimmigrant benefit Petitions, Applications, and other filings to any USCIS facility located anywhere in the United States of America, at any time, venue is only appropriate in the District Court for the District of Columbia.

6

## IV.    PARTIES

18.    Plaintiff-wife Sapna Mishra is a citizen and national of India, and was previously an employee of Sovereign Technologies, LLC.  She is currently an employee of T3C, Inc. DBA Retail Solutions. She normally resides at 1609 Black Bear Street, Roseville, CA 95747.  *See Unsworn Declaration of Sapna Mishra* dated 02/05/2015, a copy of which is attached and incorporated hereto as Exhibit A.

19.    Plaintiff-husband, Rohith K. Shivaswamy, is a citizen and national of India, and is the husband of Plaintiff-wife Sapna Mishra.  He resides at 1609 Black Bear Street, Roseville, CA 95747.  *See* Exhibit B.

20.    Jeh Johnson is the Secretary of the DHS and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged with overseeing the DHS, which includes sub-agency USCIS, and with implementing the INA.  He is further authorized to delegate certain powers and authority to subordinate employees of USCIS, which is an agency within the DHS.  DHS is headquartered at 245 Murray Lane, S.W., Washington, D.C. 20598.

21.    Eric Holder is the Attorney General of the United States and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged with certain functions involved in the implementation of the INA.  The DOJ is headquartered at 950 Pennsylvania Avenue, N.W., Washington, D.C.  20530-0001.

22.    Leon Rodriguez is the Director of the USCIS, who is named herein only in his official capacity, as well as his successors and assigns.  He is generally charged with the implementation of the INA, and is further authorized to delegate certain powers and authority to subordinate employees of the USCIS.  USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

23.     Donald Neufeld is the Associate Director, Service Center Operations Directorate of USCIS, who is named herein only in his official capacity, as well as his successors and assigns.   He is generally charged with overseeing all the activities of the four (4) regional Service Centers of USCIS, and is further authorized to delegate certain powers and authority to subordinate employees of USCIS. USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

24.     Kathy Baran is the Director of the California Service Center of the USCIS, located at 24000 Avila Road, 2nd Floor, Room 2312, Laguna Niguel, CA  92677, and is named herein only in her official capacity, as well as her successors and assigns. The finding of inadmissibility pursuant to 8 U.S.C. §1182(a)(6)(C)(i) was made in connection with an I-129 Petition ("H1B Petition") adjudicated at the California Service Center.  *See* Exhibit C.

## V.       STATEMENT OF FACTS

### A.     Case History

25.     Plaintiff-wife arrived in the U.S. on September 14, 2008, to commence work for Tata Consultancy Services, Ltd., pursuant to L1B status. She returned to India in December 2009. Plaintiff-wife then returned to the United States on May 7, 2011 and continued to work for Tata Consultancy Services in L1B status until September 30, 2012.  *See* Exhibit A.

26.     On April 24, 2012, Sovereign Technologies, LLC ("Sovereign Technologies") filed an I-129 Petition (the "Sovereign H1B Petition") on Plaintiff-wife's behalf, requesting that she be granted H1B status. The Sovereign H1B Petition stated that Plaintiff-wife would be working on a project at the office of Acupera, a client of Sovereign Technologies. The Petition was approved and, on October 1, 2012, Plaintiff-wife began working for Sovereign Technologies in H1B status. She was initially assigned to work on the project at Acupera as originally planned.  However, the project at Acupera was unexpectedly delayed and Plaintiff-wife was assigned to a new project with a different client, T3C, Inc. DBA Retail Solutions ("T3C").  *See* Exhibit A.

27.     Sovereign Technologies filed a new Labor Condition Application ("LCA") with the U.S. Department of Labor for the new H1B worksite at T3C.  An amended H1B Petition was not filed. *See* Exhibit A.

28.     The Plaintiff-wife worked for Sovereign Technologies through December 11, 2013 (working on the project at T3C). On December 12, 2013, Plaintiff-wife began working directly as an employee of T3C, pursuant to a new H1B Petition filed by T3C on her behalf. *See* Exhibit C.

29.     On July 3, 2014, Plaintiff-wife attended an interview at the U.S. Consulate in New Delhi to obtain an H1B visa "stamp" in her passport to permit her to re-enter the United States. Plaintiff-wife applied for this H1B visa based on the H1B Petition filed by T3C and approved by Defendant USCIS.   During the interview, the consular officer asked whether she had ever worked at Acupera (the original end-client named in the Sovereign H1B Petition). Plaintiff-wife truthfully answered "no" to the question. The consular officer then placed the case in "administrative processing". Two weeks later, the U.S. Consulate scheduled a second interview. *See* Exhibit A.

30.     On July 16, 2014, Plaintiff-wife attended a second interview at the U.S. Consulate in New Delhi. During the interview, she submitted additional documentation that showed the business relationship between her former employer Sovereign Technologies and the original end-client, Acupera. She also submitted documentation demonstrating the Acupera project named in the Sovereign H1B Petition was real, but that it had been delayed unexpectedly, preventing her from working at Acupera as originally planned. *See* Exhibit A.

31.     On July 25, 2014, the Department of State contacted T3C, requesting details of Plaintiff-wife's current employment, including her start date, job duties and project description. The company responded to the email, noting that she started with them as a consultant and later became an employee. *See* Exhibit D.

32.     On September 17, 2014, Plaintiff-wife checked the status of her visa application online and saw that it had been denied. *See* Exhibit A.

33.     On September 22, 2014, Plaintiff-wife went to the U.S. Consulate to retrieve her original documents. While there, she received the refusal letter. The letter stated that the visa was denied pursuant to INA § 212(a)(6)(c)(i): "ineligibility determined by DHS/USCIS on November 16, 2012". *See also* Exhibit A and Exhibit E.

34.     On information and belief, neither Sovereign Technologies, T3C, nor the Plaintiffs received any notice regarding this USCIS determination in November 2012, nor on any other date.

35.     On August 4, 2014, the attorney for T3C contacted the Department of State's "LegalNet" office via electronic mail to inquire how to resolve the visa refusal and fraud finding. On August 18, 2014, the attorney received a response stating that the Visa Office could not provide an advisory opinion where the consular officer has not made a final determination. *See* Exhibit F.

36.     On August 27, 2014, Plaintiff-wife contacted the U.S. Embassy via electronic mail, to inquire as to the status of the case. Plaintiff-wife received a response the same day stating that the case was still pending. *See* Exhibit A.

37.     On September 24, 2014, T3C's attorney contacted Sovereign Technologies to ask for details regarding the fraud finding. The attorney asked if anything had happened on November 16, 2012 and tried to determine why that specific date was listed in the refusal. The attorney also asked Sovereign Technologies to confirm that they had not received any notice regarding the fraud finding made by USCIS. *See* Exhibit A.

38.     On September 30, 2014, Plaintiff-wife called USCIS for assistance. She was given a phone number for the U.S. Embassy in New Delhi, India. The embassy official who answered the phone stated that nonimmigrant questions were not addressed there. Plaintiff-wife

also called the Department of State. She was advised to file a "waiver" application.  *See* Exhibit A.

39.     On October 6, 2014, Plaintiff-husband made an "InfoPass" appointment with the local USCIS office in the United States to discuss the issue. He was told that the local office could not help. He was advised that he may need to meet with someone at the California Service Center or to contact an immigration attorney. See Exhibit A.

40.     On October 8, 2014, Plaintiff-wife sent an email to the Department of State's Consular email address, support-india@ustraveldocs.com. She did not receive a response. *See* Exhibit A.

41.     On December 4, 2014, Plaintiff-wife sent an email to the New Delhi USCIS field office at cis.ndi@uscis.dhs.gov. The email included copies of the I-129 Petition from T3C, as well as copies of the I-129 Petition from Sovereign Technologies. *See* Exhibit H.

42.     On December 8, 2014, Plaintiff-wife sent a follow up email that included documents demonstrating the business relationship between Sovereign Technologies and Acupera and documents confirming that the original Acupera project named in the Sovereign H1B Petition had actually existed, but had been unexpectedly delayed.  *See* Exhibit A and Exhibit H.

43.     On December 10, 2014, Plaintiff-wife received a response stating that the New Delhi USCIS Field Office did not have jurisdiction over nonimmigrant waiver applications and that she should visit the website of the U.S. Embassy in New Delhi. Plaintiff-wife responded to the email and requested more information, but was asked to send an email to the Department of State at support-india@ustraveldocs.com.  *See* Exhibit A and Exhibit H.

44.     Plaintiff-wife responded, explaining that she had not applied for a waiver and that there was no fraud or misrepresentation committed on her part. She requested directions from the USCIS Field Office on how to get the fraud finding removed from the U.S. Government databases by USCIS.  *See* Exhibit A and Exhibit H.

45.     On December 15, 2014, Plaintiff-wife received a response stating that USCIS did not have jurisdiction over nonimmigrant waiver applications. Plaintiff-wife replied that the fraud determination was erroneous and that she needed guidance on how to inform USCIS of this fact. On December 16, 2014, Plaintiff-wife received a response stating that she should contact the stateside USCIS office where the I-129 Petition was originally filed. *See* Exhibit H.

46.     On December 18, 2014, Plaintiff-wife received a further response from the Department of State stating that the H1B visa application could not be processed due to the "fraud" finding made by USCIS and that if she believed the finding was in error she could contact USCIS via the Department of Homeland Security's "Traveler Redress Inquiry Program" or "TRIP". Plaintiff-wife submitted an online "TRIP" request at the web address provided.  *See* Exhibit A and Exhibit G.

47.     No response has been received in regard to the "TRIP" request.


**B.     Exhaustion of Administrative Remedies**

48.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

49.     There are no further administrative remedies available to Plaintiffs to redress the grievances described herein.


## VI.     GROUNDS FOR RELIEF

50.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

51.     Plaintiffs are entitled to judicial review under 28 U.S.C. §1331 and 5 U.S.C. §702.

52.     Plaintiffs seek judicial review of the USCIS decision to make a finding of inadmissibility pursuant to 8 U.S.C. §1182(a)(6)(C)(i) on or about November 16, 2012, barring

her from eligibility for any immigration benefit, particularly issuance of a visa and admission to the United States.

53.      Plaintiff seeks judicial review of Defendants' decision to not subsequently remove or withdraw the Fraud Finding inadmissibility finding pursuant to 8 U.S.C. §1182(a)(6)(C)(i) made against her on or about November 16, 2012.

54.      This action arises under the Constitution of the United States; the INA, 8 U.S.C. §1101 *et seq.;* 28 U.S.C. §1331; and the APA, 5 U.S.C. §701 *et. seq.*  This Honorable Court has jurisdiction under 5 U.S.C. §703 and 28 U.S.C. §1331, as well as under 28 U.S.C. §2201 and §2202 (relating to the Courts' ability to fashion appropriate remedies).  This Court may grant declaratory relief in this action under 28 U.S.C. § 2201, *et seq.* (Declaratory Judgment Act); 5 U.S.C. §701 *et seq.* (Administrative Procedure Act); and 28 U.S.C. § 651, *et seq.* (All Writs Act).

55.      Defendants' making of the inadmissibility finding without a meaningful review of the evidence available to the adjudicator is in violation of Plaintiffs' right to due process of law under the Fifth Amendment to the United States Constitution.  This decision is therefore subject to review under 5 U.S.C. § 706(2)(D).

56.      Defendants' refusal to withdraw this finding of inadmissibility without a meaningful review of the substantial evidence available to the adjudicator is in violation of Plaintiffs' right to due process of law under the Fifth Amendment of the United States Constitution.  This decision is therefore subject to review under 5 U.S.C. § 706(2)(A).

57.      Beyond the arbitrary and capricious nature of Defendants' decision to enter a fraud determination on or about November 16, 2012 in this case, Plaintiffs also present a question of pure law.

58.      The INA provides that "admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe."  8 U.S.C. §1184(a)(1).

59.     The INA provides that "any alien who, by fraud or willfully misrepresenting a material fact" tries to obtain an immigration benefit "is inadmissible." 8 U.S.C. §1182(a)(6)(C)(i).

60.     While USCIS as an agency is granted broad discretion, that discretion is not unfettered. *See* 5 U.S.C. §706.

61.     Defendants are required by 5 U.S.C. §555(e) to provide the reasons for their denial of a request for "made in connection with any agency proceeding" in a written statement to Plaintiff.

62.     The duty imposed by 5 U.S.C. §555(e) is also required by agency regulation and Precedent Decisions governing the actions of employees of DHS and DOJ.  *See* 8 C.F.R. §103.3(a)(1) (requiring a decision be issued with specific reasons), and 8 C.F.R. §103.37(g) (requiring DHS employees to follow Precedent Decisions).  *See also In re Air India "Flight No. 101"*, 21 I. & N. Dec. 890 (BIA 1997) (holding that a decision to fine a party must specifically state reasons for its imposition), and *Matter of M-P-*, 20 I. & N. Dec. 786 (BIA 1994) (holding that the reasons for a denial must be fully explained).

63.     Defendants must carefully establish, based on facts in the record of the administrative proceeding, that an act of fraud or willful misrepresentation of material facts was committed by an applicant before concluding that he or she is subject to 8 U.S.C. §1182(a)(6)(C)(i).  *See Matter of Healy and Goodchild*, 17 I. & N. Dec. 22, 28 (BIA 1979) ("given the harsh consequences of a finding of inadmissibility" for fraud or misrepresentation "the factual basis of such finding should be subject to close scrutiny").  *See also Matter of Shirdel*, 19 I. & N. Dec. 33, 35 (BIA 1984) ("closely scrutinize the factual basis for a possible finding" of fraud or misrepresentation).

64.     Defendants therefore cannot ignore or discount the absence of evidence in the administrative record without a rational basis. Nor can the agency ignore or discount the presence of evidence without a rational basis.  If it follows either course, such action is

considered arbitrary and capricious and is considered an abuse of discretion. *See* 5 U.S.C. §706.

> a. "[A]n agency's refusal to consider evidence bearing on the issue before it constitutes arbitrary action within the meaning of §706." *Butte County v. Hogen*, 613 F.3d 190 (D.C. Cir. 2010).
>
> b. "[S]ince the statute makes motive critical, he [the alien found subject to 8 U.S.C. §1182(a)(6)(C)(i)] must provide some evidence of it, direct or circumstantial." *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992).  There must be some evidentiary basis for USCIS to conclude that a person is inadmissible under 8 U.S.C. §1182(a)(6)(C)(i).  *See* PM Vol. 8, Part J, Chap. 3, §A.1.

75.     8 U.S.C. §1182(a)(6)(C)(i) was enacted to provide a basis for refusing admission to the United States of those aliens who commit fraud or willfully make a material misrepresentation to obtain an immigration benefit.

65.     An alien is not subject to the penalties of 8 U.S.C. §1182(a)(6)(C)(i) if "there is no evidence that the alien presented or intended to present fraudulent documents or documents containing material misrepresentations" to USCIS.  *Matter of D-L- and A-M-*, 20 I. & N. Dec. 409, 412 (BIA 1991).

66.     To conclude that an alien committed fraud according to 8 U.S.C. §1182(a)(6)(C)(i), the Defendants are required to find that he or she falsely represented a material fact, that the alien knew of its falsity, that the alien intended to deceive a government official empowered to act upon that request, and that USCIS or a Consular Officer believed the falsity and acted based on it to issue a visa or other benefit under the INA.  *See* PM Vol. 8, Part J, Chap. 2, §C (reviewing the requirements for finding commission of fraud by alien).  *See Matter of G-G-*, 7 I. & N. Dec. 161 (BIA 1956) (explaining the legal standard necessary for a fraud finding).

67.    A material misrepresentation finding pursuant to 8 U.S.C. §1182(a)(6)(C)(i) requires Defendants to find that an alien falsely represented a material fact and that the misrepresentation was willful.  *See* PM Vol. 8, Part J. Chap. 2 §B (reviewing the elements for finding a material misrepresentation under 8 U.S.C. §1182(a)(6)(C)(i).  *See Matter of Kai Hing Hui*, 15 I. & N. Dec. 288 (BIA 1975) (finding a material misrepresentation after consideration of evidence in the records) and *Healy and Goodchild*, 17 I. & N. Dec. at 28 (reversing misrepresentation finding when alien presented an "explanation…plausible, if not compelling").

68.    Defendants must be able to establish the materiality of a misrepresentation by showing either that Plaintiff-wife "is excludable [*i.e.*, inadmissible] on the true facts" or that Plaintiff-wife's "misrepresentation tend[ed] to shut off a line of inquiry, which is relevant to the alien's eligibility and which might well have resulted in a proper determination that he be [inadmissible]." *Matter of S- and B-C-*, 9 I. & N. Dec. 436, 447 (BIA 1961).  *See Kungys v. U.S.*, 485 U.S. 759 (1988) (holding "whether…concealments or misrepresentations were material is whether they had a natural tendency to influence the decisions" of the government).

69.    A misrepresentation is "willful" if Defendants can establish that the presentation or withholding of facts, to obtain an immigration benefit, was "deliberately made with knowledge of their falsity." *Matter of S- and B-C-*, 9 I. & N. Dec. 436, 445 (BIA 1960; A.G. 1961).  *See* PM Vol. 8, Part J, Chap. 3, §D (explaining willfulness requires showing misrepresentation was made knowingly, intentionally, and deliberately")

70.    8 USC §1182(b) provides that when a determination is made pursuant to 8 U.S.C. §1182(a)(6)(C)(i) the subject alien **must** be given notification regarding the inadmissibility finding.

71.    The purpose of the 8 USC §1182(b) notification is to give the affected alien an opportunity to challenge and rebut the finding under 8 U.S.C. §1182(a)(6)(C)(i) and the factual basis for it being drawn against him or her.

72.     The <u>Adjudicator's Field Manual</u> §40.6.2(c)[1] provided USCIS officers with a summary of the binding Precedent Decisions explaining how to comply with the requirements of these decisions when making a finding of fraud or material misrepresentation pursuant to 8 U.S.C. §1182(a)(6)(C)(i).   The instructions to USCIS officers on how to implement 8 U.S.C. §1182(a)(6)(C)(i) are now in <u>PM</u>, Vol. 8, Part J, Chaps. 1-3. *See* Exhibit H.

73.     The alien carries the burden pursuant to 8 USC §1361 to demonstrate that she is not inadmissible by a preponderance of the evidence.  *See Matter of Rivero-Diaz*, 12 I. & N. Dec. 475, 476 (BIA 1967) ("the burden of proof is upon the applicant for admission for establishing that he is not subject to exclusion"), and *Matter of Chawathe*, 25 I. & N. Dec. 369, 375 (AAO 2010) (holding that the standard of proof is a preponderance of the evidence).

74.     "If there is no evidence the applicant obtained or sought to obtain some benefit under the INA by fraud or willful misrepresentation, USCIS should find that the applicant has met the burden of proving that he…is not inadmissible under this ground [INA §212(a)(6)(C)(i)]." <u>PM</u>, Vol. 8, Part J, Chap. 3 §A.2.

75.     Defendant USCIS directs officers that the alien burdened with proving his or her admissibility satisfies their duty under 8 U.S.C. §1361 by "establishing at least one of" five (5) criteria: the absence of fraud or misrepresentation, the absence of intent or willfulness, the immateriality of any concealment or misrepresentation, or the purpose of a concealment or misrepresentation was not for acquiring an immigration benefit.  *See* <u>PM</u> Vol. 8, Part J, Chap. 8 §A.2.

76.     Defendants have a legal duty to give an alien notice of the finding and opportunity to submit evidence for consideration on his or her behalf.  *See* 8 U.S.C. §1182(b) (requiring notice to an affected alien) and 8 C.F.R. §103.2(b)(16) (requiring that an "applicant" be given an opportunity to address derogatory information in the record of proceeding).

---

[1] The <u>Adjudicator's Field Manual</u> (<u>AFM</u>) is the manual used by USCIS officers detailing the agency's policies and procedures.  *See* <u>AFM</u> §1.1, in Exhibit V.  USCIS is slowly replacing it with a new <u>Policy Manual</u>, and on March 24, 2014 replaced its guidance on 8 U.S.C. §1182(a)(6)(C)(i).  *See* Exhibit W.

77.     Defendants entered a finding of fraud pursuant to 8 U.S.C. §1182(a)(6)(C)(i) without giving Plaintiffs notice or an opportunity to meet their burden.

78.     Defendants maintained the 8 U.S.C. §1182(a)(6)(C)(i) finding against Plaintiff-wife even after being provided evidence and testimony showing that Plaintiff-wife did not commit fraud or willfully misrepresent any facts.

79.     Defendants maintained the Fraud Finding despite the submission of countervailing evidence and testimony into the record.

80.     Defendants have not provided any further communication in response to Plaintiffs' DHS "TRIP" request to remove or withdraw the Fraud Finding.

81.     Plaintiffs have exhausted available administrative remedies by communicating with the Department of State, DHS and USCIS. There is no further administrative review available. There is no other appropriate judicial remedy.

82.     This case is ripe for review, as USCIS issued the Fraud Finding and the U.S. Consulate has refused to issue an H1B visa to Plaintiff-wife based upon the USCIS fraud finding.

83.     Should the Court refuse to consider this case, Plaintiffs will suffer hardship in denying Plaintiff-wife the ability to seek entry to the United States and reside there with her husband.

84.     The standard of review that must be applied in this case is the "substantial evidence" test under 5 U.S.C. §706(2)(E). The USCIS decision to make a "fraud" determination was clearly an adjudicatory hearing designed to produce a record that is to be the basis of agency action. *See* 5 U.S.C. §706(2)(E).

85.     Plaintiffs have made multiple attempts to communicate with the appropriate officials amongst the Defendants to explain that the inadmissibility finding pursuant to 8 U.S.C. §1182(a)(6)(C)(i) was incorrect and was made without any notice to the Plaintiffs.

86.     Plaintiffs have made multiple attempts to communicate with the appropriate

official amongst the Defendants to request guidance on how to remove the 8 U.S.C. §1182(a)(6)(C)(i) finding against Plaintiff-wife.

87.    The documents that Plaintiffs received from Defendants failed to identify any basis for the Fraud Finding.

88.    The documents that Plaintiffs received from Defendants failed to confirm that the Fraud Finding could be or was lawfully entered by Defendants.

89.    The USCIS agency communications made through intermediaries are "patently unresponsive" to the substance of the evidence submitted and the decision was not "based on consideration of the relevant factors." *Maryland People's Counsel v. FERC*, 761 F.2d 768, 779 (D.C. Cir. 1985).

90.    The USCIS decision that a Fraud Finding was appropriate before any evidence was submitted by Plaintiff-wife warrants no deference whatsoever, as this determination by the Service fails the "substantial evidence" test.  USCIS failed to consider all of the evidence in the record and therefore the Service's decision is not supportable.

91.    The USCIS decision that Plaintiff-wife, as the beneficiary of the I-129 Petition, showed an intent to deceive USCIS or to make a material misrepresentation to obtain an immigration benefit was an arbitrary and capricious decision and not supported by substantial evidence in the record.  5 U.S.C. §706(2)(A) and (E).

92.    The USCIS decision that Plaintiff-wife, as the beneficiary of the I-129 Petition, showed an intent to deceive USCIS or to make a material misrepresentation to obtain an immigration benefit was in violation of the procedures required by law.  5 U.S.C. §706(2)(D).

93.    In the alternative, a *de novo* standard of review under 5 U.S.C. §706(2)(F)(i) should be applied because the actions at issue in this case are "adjudicatory in nature and the agency fact finding procedures are inadequate."

94.    As such, the Court should review *de novo* all of the evidence Plaintiff-wife has submitted in support of her position that she did not commit fraud, as defined by 8 U.S.C.

§1182(a)(6)(C)(i).

95.     As such, the Court should review de novo all of the evidence Plaintiff-wife has submitted in support of her position that she did not willfully misrepresent any material facts, as defined by 8 U.S.C. §1182(a)(6)(C)(i).

96.     The Defendants' refusal to give Plaintiffs an opportunity to be heard and grant their request for withdrawal of the 8 U.S.C. §1182(a)(6)(C)(i) finding is based not only on legal and factual errors, but "gross distortion[s] of the record." *Karagholi v. INS*, 409 U.S. 1086, 1089 (U.S. 1972). This action is therefore reviewable under 5 U.S.C. §704, "wherein '[agency] action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action.'" *Id.*

## VII.     CLAIMS FOR RELIEF

### Count I

### (Immigration and Nationality Act and Administrative Procedure Act)

97.     The Plaintiffs incorporate be reference all prior paragraphs, as though fully set forth herein.

98.     Plaintiffs have the right to review of the agency decision under 5 U.S.C. §702.

99.     The Defendants' actions violate federal regulations, Precedent Decisions, the INA, and the APA. The Defendant's actions in refusing Plaintiffs' multiple requests for a withdrawal of the Fraud Finding without any apparent consideration of the evidence and testimony that were not available when the finding was made on or about November 16, 2012

constitutes agency action that is arbitrary, capricious, an abuse of discretion, and not in accordance with law under 5 U.S.C. §706(2)(A).

100.    The Defendants' actions violate federal regulations, Precedent Decisions, the INA and the APA. Defendants' failure to correct agency errors and to even continue to commit additional errors in the refusal to withdraw the 8 U.S.C. §1182(a)(6)(C)(i) finding after becoming aware of agency errors constitutes an agency action without observance of procedure required by law under 5 U.S.C. §706(2)(D).

101.    The Defendants' actions violate federal regulations, the INA, and the APA. The Defendants ignored or discounted substantial evidence in the administrative record. The Defendants' refusal to consider key evidence provided by Plaintiffs constitutes an agency decision unsupported by substantial evidence under 5 U.S.C. §706(2)(E).

102.    The Defendants' actions violate federal regulations, Precedent Decisions, the INA, and the APA. The Defendants' refusal to consider key evidence provided by Plaintiff in support of her request for withdrawal of the 8 U.S.C. §1182(a)(6)(C)(i) finding made on or about November 16, 2012 constitutes an agency decision unsupported by substantial evidence under 5 U.S.C. §706(2)(E).

**Count II**

**(U.S. Constitution, Fifth Amendment, Due Process Clause)**

103.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

104.    Defendants' actions in determining that Plaintiff-wife is ineligible for admission pursuant to 8 U.S.C. §1182(a)(6)(C)(i) as described above constitute a deprivation of liberty without a meaningful review of the substantial evidence by the adjudicator in violation of Plaintiffs' right to due process under the Fifth Amendment of the United States Constitution.

105.    Defendants' actions in the making of the 8 U.S.C. §1182(a)(6)(C)(i) finding against Plaintiff-wife while refusing to acknowledge or address all of the evidence in the record

on or about November 16, 2012, when the finding was entered, and the evidence submitted thereafter constitute a deprivation of liberty without a meaningful review of substantial evidence by the adjudicator in violation of Plaintiffs' right to due process under the Fifth Amendment of the United States Constitution.

106.    Defendants' decision to not remove or withdraw the 8 U.S.C. §1182(a)(6)(C)(i) finding made against Plaintiff-wife reflects knowledge of at least some evidence submitted after November 16, 2012 and constitutes a deprivation of liberty without a meaningful review of substantial evidence by the adjudicator in violation of Plaintiffs' right to due process under the Fifth Amendment of the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

(1)    Reverse the USCIS decision and order USCIS to withdraw the 8 U.S.C. §1182(a)(6)(C)(i) finding against Sapna Mishra under 5 U.S.C. §706(2)(F);

(2)    Reverse Defendant USCIS' decision and grant the request by Sapna Mishra to DHS TRIP for removal of the 8 U.S.C. §1182(a)(6)(C)(i) finding against her under 5 U.S.C. §706(2)(F);

(3)    Reverse Defendant USCIS' decision and order that the 8 U.S.C. §1182(a)(6)(C)(i) finding be purged from all databases utilized by Defendants to adjudicate the admissibility of Sapna Mishra to the United States under 5 U.S.C. §706(2)(F);

(4)    Declare that the agency action in this case was "arbitrary and capricious" thus violating the APA;

(5)    Declare unlawful and set aside the Defendant USCIS actions, findings, and conclusions regarding the finding of inadmissibility made pursuant to 8 U.S.C. §1182(a)(6)(C)(i), against Ms. Mishra, in accordance with this decision under 5 U.S.C. §702;

(6)   Grant reasonable attorneys' fees and costs as provided under the Equal Access to

Justice Act and the APA.

(7)   Grant such further relief as this court deems reasonable and appropriate.


Respectfully submitted on this 6th day of February 2015.

<u>/s/ Aron A. Finkelstein</u>
Aron A. Finkelstein, Esq.
U.S. District Court Bar # MD25560
Murthy Law Firm
10451 Mill Run Circle, Suite 100
Owings Mills, MD  21117
(410) 356-5440

Attorneys for Plaintiff